IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORDURO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. _____ |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| PROTEGRITY CORPORATION and | § | |
| PROTEGRITY USA, INC., | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT OF CORDURO, INC. FOR DECLARATORY JUDGMENT

Plaintiff Corduro, Inc. ("Plaintiff") states its Complaint against defendants Protegrity Corporation ("Protegrity Corp.") and Protegrity USA, Inc. ("Protegrity USA") (collectively the "Defendants") and alleges as follows:

### NATURE OF ACTION

1.      By this action, Plaintiff seeks a declaration that it has not infringed and is not infringing Defendants' United States Patents Nos. 6,321,201 (the "'201 patent") and 6,963,980 (the "'980 patent"); and 8,402,281 (the "'281 patent) (collectively the "patents-in-suit").

### BACKGROUND FACTS

2.      Plaintiff provides merchants with secure and reliable mobile payment processing services.

3.      On or about October 22, 2013, Defendants claim that their counsel sent a demand letter to Plaintiff in which counsel for Defendants stated that Protegrity Corporation is the owner of patents-in-suit. A copy of the demand letter (the "Letter") is attached as Exhibit A. A copy of the '201 patent is attached as Exhibit B. A copy of the '980 patent is attached as Exhibit C. A copy of the '281 patent is attached as Exhibit D.

4. The Letter further stated that "[w]e have reviewed many technical aspects of Corduro's PayMobile and believe it infringes the '201 and '281, and may also infringe Patent '980."

5. The Letter further states that "Protegrity has a policy of actively investigating possible infringements of its patent portfolio and if need be, enforcing its patents against infringers."

6. Corduro has not been able to confirm that it ever received the Letter.

7. On or about July 28, 2014, Defendants filed a lawsuit against Corduro in the United States District Court for the District of Connecticut. In the Connecticut suit, Defendants accused the Plaintiff of infringing the '281 and '201 patents.

8. In the Connecticut suit, Defendants incorrectly identified Plaintiff as "a Texas Corporation, having …an office at 5410 Silicon Drive, Suite 101, Southlake, TX 76092."

9. As of the date of this Complaint, Plaintiff has not been served in the Connecticut suit.

10. The '201 patent is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level." According to the face of the '201 patent, it issued on November 20, 2001.

11. The '980 patent is entitled "Combined Hardware and Software Based Encryption of Databases." According to the face of the '980 patent, it issued on November 8, 2005.

12. The '281 patent is entitled "Data Security System for a Database." According to the face of the '281 patent, it issued on March 19, 2013.

## PARTIES

13. Plaintiff Corduro, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business located in this Judicial District at 541 Silicon Drive, Suite 101, Southlake, TX 76092.

14. Upon information and belief, Defendant Protegrity Corp. is a corporation organized under the laws of The Cayman Islands, with a mailing address of P.O. Box 309, Ugland House, South Church Street, Grand Cayman, Cayman Islands. Although Protegrity Corp. does business in the State of Texas, it has not designated an agent for service of process with the Texas Secretary of State. Protegrity Corp. can be served with process through the Texas Secretary of State.

15. Upon information and belief, Defendant Protegrity USA is a corporation organized under the laws of Delaware with its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905. Protegrity USA can be served with process through its registered agent, Corporation Service Company, at 50 Weston Street, Hartford, Connecticut, 06120.

16. Upon information and belief, Protegrity Corp.'s principal activities are conducted through Protegrity USA.

17. Upon information and belief, Protegrity USA is the principal operating subsidiary for Protegrity Corp. in the United States.

18. Upon information and belief, Protegrity Corp. carries out its commercial utilization of its technology and intellectual property through its wholly owned subsidiary Protegrity USA, which sells and offers to sell within the United States the products that Protegrity Corp. claims embody the patents-in-suit.

19. Upon information and belief, Protegrity USA has an exclusive license to use, make, sell and offer to sell embodiments of the patents-in-suit.

20. Upon information and belief, the Defendants have established a regular distribution channel for its products in the State of Texas through its reseller partner, Accuvant, Inc.

## JURISDICTION AND VENUE

21. This is a civil action regarding allegations of patent infringement. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

22. An actual, live, and justiciable controversy exists between Plaintiff and Defendant by virtue of Defendant's Letter accusing Plaintiff of patent infringement.

23. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has sold or advertised for sale its products or services in this district; because Defendants have established a regular distribution channel for its products in the State of Texas; and because Defendants operate an e-commerce website, http://www.protegrity.com, which is readily accessible by persons residing in this district and which offers products and services to persons residing in this district.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 1400 and for the reasons stated above.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '201 Patent)**

25. Plaintiff hereby incorporated its allegations contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Defendants contend that Plaintiff sells products and/or services that have infringed and continue to infringe the claims of the '201 patent.

27. Plaintiff has not and does not directly or indirectly infringe the '201 patent.

28. An actual, live, and justiciable controversy therefore exists between Plaintiff and Defendants as to whether Plaintiff's products and/or services infringe the claims of the '201 patent.

29. Accordingly, Plaintiff seeks and is entitled to a judgment against Defendant that its products and/or services do not infringe the claims of the '201 patent.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '980 Patent)**

30. Plaintiff hereby incorporated its allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Defendants contend that Plaintiff sells products and/or services that have infringed and continue to infringe the claims of the '980 patent.

32. Plaintiff has not and does not directly or indirectly infringe the '980 patent.

33. An actual, live, and justiciable controversy therefore exists between Plaintiff and Defendants as to whether Plaintiff's products and/or services infringe the claims of the '980 patent.

34. Accordingly, Plaintiff seeks and is entitled to a judgment against Defendants that its products and/or services do not infringe the claims of the '980 patent.

## THIRD CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '281 Patent)**

35. Plaintiff hereby incorporated its allegations contained in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Defendants contend that Plaintiff sells products and/or services that have infringed and continue to infringe the claims of the '281 patent.

37. Plaintiff has not and does not directly or indirectly infringe the '281 patent.

38. An actual, live, and justiciable controversy therefore exists between Plaintiff and Defendants as to whether Plaintiff's products and/or services infringe the claims of the '281 patent.

39. Accordingly, Plaintiff seeks and is entitled to a judgment against Defendants that its products and/or services do not infringe the claims of the '281 patent.

## DEMAND FOR JURY TRIAL

40. Plaintiff hereby demands a trial by jury on all issues triable or right to a jury under Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully requests the court to:

   a. Grant and enter judgment declaring that Plaintiff has not infringed and is not infringing any valid and enforceable claim of the '201 patent.

   b. Grant and enter judgment declaring that Plaintiff has not infringed and is not infringing any valid and enforceable claim of the '980 patent.

   c. Grant and enter judgment declaring that Plaintiff has not infringed and is not infringing any valid and enforceable claim of the '281 patent.

   d. Enter an injunction enjoining Defendants from claiming infringement by Plaintiff of the patents-in-suit.

   e. That such other and further relief as the Court deems just, equitable, and proper be awarded to Plaintiff.

Dated: August 20, 2014

Respectfully Submitted,

MUNSCH HARDT KOPF & HARR, P.C.


By: */s/ Jon B. Hyland*_____ _____
      Jon B. Hyland
      State Bar No. 24046131
      Em:  jhyland@munsch.com
      Ye-Whei Peter Chen
      State Bar No. 24065038
      Em: pchen@munsch.com
      3800 Lincoln Plaza
      500 N. Akard Street
      Dallas, Texas  75201-6659
      Tel: (214) 855-7500
      Fax: (214) 855-7584

**COUNSEL FOR PLAINTIFF**